FOSKEY v. THE STATE.

1. This court will not consider a complaint in a motion for a new trial, that the court erred in qualifying and restricting certain instructions which were requested in writing by counsel, when the requests referred to are not embodied in the motion, and it is impossible to tell, in the absence of such requests, whether the qualifying charge complained of was or was not erroneous.
2. On the trial of a criminal case it was not error for the court to instruct the jury, in effect, that they should base their verdict solely on the evidence, and not be influenced by sentiment or the fact that the accused had been in jail for a long time.
3. Complaints of the admission of evidence, or of conduct of the court in regard thereto, which can not be clearly understood without reference to such evidence, will not be considered unless the same is brought before this court either in the motion for a new trial or the bill of exceptions.
4. The various rulings of the court, of which complaint is made, and which are not specifically dealt with, present no cause for reversing the judgment of the court below.   The finding of the jury was fully warranted, and it was not error to refuse to grant a new trial on the ground that the verdict was contrary to law and the evidence.

Argued November 16, — Decided November 28, 1903.

Indictment for murder.   Before Judge Roberts. ·  Pulaski superior court.   October 19,. 1903.

*J. H. Martin,* for plaintiff in error.
*J. F. DeLacy, solicitor-general,* and *W. L. Grice & Sons,* contra.

CANDLER, J.   The accused, Foskey, was tried under an indictment charging him with the murder of Holmes, and was found guilty of voluntary manslaughter.   He moved for a new trial, his motion was overruled, and he excepted.

1. The court charged the jury as follows: " I have some requests here to charge, and of course you will understand that when I read one I charge it as being the law. I don't mean to say, however, that it is the law applicable to this case. As you receive the law from the court, you, then having the evidence in your mind, will determine whether the law is applicable to the evidence. You are the sole judges of the application of the law to the evidence in the case, and of course, if you think they are applicable, you will give that law just such force as you think it is entitled to, applying it to the evidence if you think it is applicable." This charge is assigned as error, on the ground that it was misleading and " tended to impress upon the jury that the law applicable to the case was that received from the court other than the requests." While the language of the charge was inapt, we do not think it is susceptible of the construction sought to be placed upon it, nor that a reasonably intelligent jury would be misled by it as to the true principle of law which it is evident that the trial judge intended to announce. But be that as it may, it is clear that the ground of the motion in which this complaint is made is not one upon which a new trial could properly be granted. It appears from the motion that the charge referred to " was made immediately before and preliminary to charging and reading to the jury the several written requests made by defendant in writing before argument concluded and set forth in the charge of the court, . . marked and indicated as A, B, C, D," etc., none of the written requests to charge being set forth in the motion. It will have been seen that the charge complained of referred to the requests made by counsel for the plaintiff in error, which are designated by letters referring to other parts of the record ; and that the applicability of the charge depends entirely upon the applicability of the instructions requested. Indeed, the charge complained of is almost unintelligible without reading in connection with it the requests to which it referred. It has been ruled time and again that this court will not consider assignments of error in a motion for a new trial which depend, for an intelligent understanding, upon matters not set forth or explained in the motion. In the absence of the requests referred to in the motion, it can not be said whether the charge complained of was erroneous or not ; and as error is never presumed, but must always be made to af-

firmatively appear, this ground sets forth no cause for granting a new trial.

2. The motion also complains of the following charge of the court: " I want to say right here, gentlemen, that you are not to allow your verdict to be the result of your sympathy or the result of sentiment; but you are to look to the evidence, and let your verdict be based upon that evidence and upon the law applied to the evidence after you have received it from the court. You are not responsible for the consequences of your verdict, and you will not take into consideration the fact that the party may have been in jail. That matter is not for your consideration." In a note to this ground the court certifies that counsel for the accused had, in his argument to the jury, insisted that they should not convict the accused, because he had been sufficiently punished by being in jail for a long time. Regardless of this note, however, we have no hesitancy in holding that for aught that appears in the record the charge complained of was unobjectionable. It is not only the right, but the solemn duty, of the trial court on a hearing before a jury, to use every possible means to see that the issues involved are determined according to reason and justice, and that the calm judgment of the triors is not swayed by appeals to passion or sentiment. In this respect the court has a large discretion, and unless it is made to appear that that discretion has been manifestly abused, it will not be controlled. In the present case no such abuse of discretion is apparent.

3. The motion also complains that the court erred in permitting a named witness to " testify as to what she heard some one say and saw some one have at the schoolhouse on Sunday evening, and fully set out in the brief of evidence, to which reference is asked." No rule of practice is more firmly established in this State than that, in order for assignments of error upon the admission of evidence to be considered by this court, the evidence objected to, together with the objections made on the trial, must be set out either in the motion for a new trial or the bill of exceptions. *Adams* v. *State*, 93 *Ga.* 166 (2). It appears, however, that the evidence now under consideration, whatever it was, was admitted tentatively by the trial judge, with the remark that he would afterwards rule it out unless other evidence should be introduced identifying the accused " with sufficient certainty " as

the one to whom the alleged conversation referred; and it is complained that the failure of the court to subsequently rule out the evidence objected to (there having been no positive identification of the accused as the one to whom it referred) amounted to an expression of opinion on the part of the judge that such identification had been had and that the accused was the one to whom the evidence related. As will have been seen, any attempt to rule on this point without having the evidence before us in proper form would be manifestly absurd. With nothing more before us than is contained in the motion for a new trial, we are certainly not prepared to hold that the failure of the court to rule out the evidence in question was such an expression of opinion as to what had been proved that a new trial should have been granted.

4. The motion for a new trial contains in all eighteen grounds; but the foregoing disposes of all the assignments of error that we think are of sufficient importance to require discussion. Many of the grounds of the motion deal with the same question in different forms, while others are so entirely devoid of merit as to be considered almost frivolous. In view of the fact that the accused was found guilty only of voluntary manslaughter, this court will not inquire to see if, as is complained, the instructions of the court as to the law of murder were erroneous because unwarranted by the evidence. It should not be necessary for us to rule that it is not error for the court to give the same instruction more than once, when that instruction is correct. When the court is requested " to explain to the jury the meaning of the word 'felony' in criminal statutes," and gives a technically accurate definition of the term as understood by our law, counsel making the request has no just cause to complain because a more detailed or comprehensive dissertation on the subject is not given. It is not an abuse of the discretion reposed in the trial court as to the conduct of the trial of a criminal case that the accused was required to make his statement on the stand and was not allowed to descend therefrom for the purpose of explaining to the jury how the deceased was standing when he was shot. The alleged newly discovered evidence, being purely impeaching in character, was not cause for a new trial. The portions of the judge's charge complained of, which have not been specifically dealt with, were all substantially correct. The evidence for the State amply warranted the conviction

of the accused for the offense of which he was found guilty, while he, on his part, offered no evidence, but relied on his statement. It follows as a matter of necessity that this court can not reverse the judgment of the court below for failing to grant a new trial on the ground that the verdict was contrary to the evidence.

*Judgment affirmed. All the Justices concur.*