*John R. Irwin,* contra.

---

### 5225.   DOUGLAS *v.* THE STATE.

POTTLE, J.   1. The following charge to the jury was not erroneous as tending to deny their right to believe a part of the prisoner's statement and reject the remainder: "The prisoner's statement is not made under oath, and it shall have such weight and effect as the jury sees fit to give it. The jury may believe it in preference to the sworn testimony in the case."

2. The following excerpt from the charge of the court was complained of: "Is there any other reasonable hypothesis or explanation of the existence of all the facts that is consistent with the innocence of the accused? Can all these things be true and yet can we reasonably say he is innocent?" Error was assigned upon the ground that if some of the circumstances relied on by the State were untrue, there might have been an acquittal. This excerpt was not erroneous for the reason assigned.

3. The evidence, though circumstantial, was sufficient to authorize the verdict.                                            *Judgment affirmed.*

DECIDED NOVEMBER 25, 1913.

Indictment for larceny from person; from Bibb superior court—Judge Mathews. August 9, 1913.

*Robert W. Barnes,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

---

### 5230.   COLLIER *v.* THE STATE.

ROAN, J.   No error of law is alleged to have been committed by the court on the trial, the evidence authorized the verdict, and the motion for a new trial was properly overruled.                    *Judgment affirmed.*

DECIDED NOVEMBER 25, 1913.

Conviction of stabbing; from Colquitt superior court—Judge Thomas. September 6, 1913.

*T. H. Parker, James L. Dowling, James Humphreys,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.