## 22828. JONES *v.* THE STATE.

Decided April 5, 1933.

*James T. Wright, John D. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

MacIntyre, J. Howard Jones was indicted for committing an assault with intent to rape. The jury found him guilty of the offense charged, and the question for determination here is whether

or not the trial judge erred in overruling the motion for a new trial.

The following is a summary of the evidence in the case. The defendant was a negro, thirty-nine years of age, and the white girl hereinafter referred to as the "young lady," upon whom the assault was alleged to have been committed, was eighteen years old. The young lady's home was located in a fairly thickly populated part of the City of Atlanta. Somewhere between nine and ten o'clock in the morning the young lady, who was at a neighbor's home near her own home, was told that a negro man was trying to get into her home. Thinking that her mother was at home, the young lady, accompanied by a friend (hereinafter called "Miss A.") ran to see what the trouble was. · The young lady testified in part as follows: "He [the defendant] grabbed me and says, 'Come here,' and I screamed and started running. He [the defendant] grabbed me and was trying to pull me to a little back room, and Miss A. pulled him loose from me and we ran, and he ran behind us and . . sat down on the porch. And then he saw some men coming and leaned over a chair like he was dead. . . He grabbed hold of my arm. I was running and he couldn't get me anywhere else. . . I wasn't any piece from this little room. . . It was just across the hall. He was driving me towards the room, and he was dragging me from the kitchen to that room. Miss A. grabbed me loose from him, and then he grabbed her. I never did see that man before. The place where that occurred was in Fulton County, Georgia, and it happened in June of this year. . ."

Miss A. testified in part as follows: "When we got up there he [the defendant] was lying with his head at the kitchen door. We went into the kitchen to see if her mother was in there, and as we came out he got up . . and grabbed her by this arm, and I grabbed her by this arm. When he grabbed her he didn't do nothing, only says, 'Come here, I have something for you;' and I jerked loose from him, and she and I ran out, and he made at me, trying to catch me when I ran out of the door. He ran after me and hit the banister, and he fell down. . . This negro did not appear to be drunk. I did not smell whisky on his breath at all. . . I reckon he tripped over the chair."

One witness testified that the defendant "couldn't get away, . . couldn't walk," and that the officer and another person "drug him

down and put him in the yard." Another witness testified in part as follows: "The first time I saw him [the defendant] was in June, and we were going to school, and there was three other girls, and he insulted us about four times; and that was right before that— that makes six times in all." Several witnesses testified to the defendant's good character, and his employer swore that he was a reliable, hard-working negro, but that he would occasionally get very drunk. The defendant stated to the jury that, after working a while, he got drunk, and that he knew nothing as to what occurred afterwards until he found himself in the station house.

Counsel for plaintiff in error contend that the evidence in this case fails to meet the requirements of the true rule as laid down in *Dorsey* v. *State,* 108 *Ga.* 477 (34 S. E. 135): "In order to authorize a conviction for the offense of assault with intent to rape, the evidence must show beyond all reasonable doubt, (1) an assault, (2) an intent to have carnal knowledge of the female, and (3) a purpose to carry into effect this intent with force and against the consent of the female. If any of these three elements is lacking, the offense is not made out." Counsel further contend that an application of the following test, applied in the *Dorsey* case, precludes a conviction: "Is the intent to commit the crime charged more likely to be true than any other?" In the *Dorsey* case two Justices dissented from the judgment of reversal, and in that case the negro never touched the white woman, and the majority opinion expressed doubt that an assault was committed. It is also true that the majority opinion states that the main point upon which the reversal was based was that the evidence did not show "any intention on the part of the accused to have carnal knowledge of Mrs. Vines forcibly and against her will." Unquestionably the facts of the *Dorsey* case are strong; and the same may be said of other cases cited by counsel for the plaintiff in error, where reversals were had. However, each case must stand upon its own particular facts. There is, of course, no contention that the alleged drunkenness of the defendant in the case at bar could justify him. It might tend to explain why he acted so imprudently, but could not justify him. We have not attempted to set out all the testimony adduced upon the trial of the case, nor to state the entire testimony of any witness. We feel, however, that the verdict, which has the approval of the trial judge, is supported by the evidence, and hold that the court did not err in overruling the general grounds of the motion for a new trial.

The first ground of the amendment to the motion for a new trial is merely an elaboration of the general grounds and needs no special consideration. The second (and last) special ground is as follows: "Because the court erred in refusing to give the following request to charge: 'The court is respectfully requested to charge the jury on the question of good character.' Said charge being pertinent and applicable, and movant having submitted the request to charge in writing before the jury retired to consider their verdict." The ground of a motion for a new trial is not in proper form for consideration unless it is complete within itself. *Franklin* v. *State,* 28 *Ga. App.* 460 (112 S. E. 170). A written request to charge must be set out in the ground or attached thereto as a part thereof. *Foskey* v. *State,* 119 *Ga.* 72 (45 S. E. 967). It must appear that the written request is sound and an accurate proposition of law. *Tanner* v. *State,* 161 *Ga.* 193, 198 (130 S. E. 64); *Cain* v. *State,* 41 *Ga. App.* 333, 340 (153 S. E. 79); *Macon, Dublin & Savannah R. Co.* v. *Joyner,* 129 *Ga.* 683 (59 S. E. 902). Obviously a mere request in writing that the court "charge the jury on the question of good character" utterly fails to comply with the law, and the ground is too indefinite to be considered by this court.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*