29743. THOMPSON *v.* THE STATE.

DECIDED OCTOBER 29, 1942.

*C. R. Vaughn,* for plaintiff in error.
*Roy Leathers, solicitor-general,* contra.

GARDNER, J. The defendant was indicted with Jack Thompson for illegally making intoxicating liquors. Jack Thompson entered a plea of guilty. Brookin Jordan, who was also found at the still, entered a plea of guilty to the same transaction. The defendant was convicted. He filed a motion for new trial which was overruled and he excepted.

Substantially, the evidence discloses: The sheriff, a State revenue employee, and two others concealed themselves near the still site about sunset. They found in operation a steam distilling outfit to distill whisky. When the officers placed themselves there were at the still the two who pleaded guilty and one James Riley. Soon thereafter the defendant arrived in a truck. He did not participate in any of the activities after he appeared. The following conversation (in substance) took place: Jack Thompson

stated that he could not help the following day, whereupon Riley asked what to do if officers came. Thompson remarked "Run like hell," and "There ain't nobody getting here this time of the day and we want to start loading it [the whisky] on the truck." When the officers "flushed" the four persons who were at the still they all ran. Riley and Jordan were arrested near the still, Jack Thompson afterwards. The still was a rather large one. There were thirty-five fifty-gallon barrels, a number of small containers, and ninety gallons of whisky. Around the still site were large briars. The day after the arrest the defendant went to the jail where the others were confined, for the purpose of making bond. His face was considerably scratched on both sides. The scratches were not on the defendant's face the day before the raid. The still was on a farm owned by the defendant. The defendant was positively identified by the officers as being at the still. The truck was identified as belonging to the defendant. The defendant contended that he was not at the still, that he knew nothing about the truck being there, and that he scratched his face hauling corn.

1. The evidence as meagerly set forth hereinbefore, was ample to support the verdict. There is no merit in the general grounds.

2. Special ground 1 complains because the court charged with reference to conspiracy as follows: "Now, gentlemen, I charge you this rule of law, that if two or more persons form a common intent and purpose to commit a crime, and · if, in pursuance of such common intent and purpose, such crime is actually committed, then and in that event the act of each present, aiding and abetting in the commission of the crime and acting with a common intent and purpose to commit the crime, if you believe from the evidence, gentlemen, that this defendant and another or others, formed a common intent and purpose to commit the offense charged, that is, distilling or manufacturing any of the intoxicating liquors and beverages charged, and if you should further believe, gentlemen, that the defendant now on trial, in pursuance of such common intent and purpose, that this defendant either committed the crime himself, or was present aiding and abetting in the commission of the crime at the time it was committed, if it was committed, and if you should believe that from the evidence, gentlemen, beyond a reasonable doubt, it would be your

duty to find him guilty. The mere presence of a person, gentlemen, at a distillery, however, at the time intoxicating liquors might be manufactured, would not of itself authorize a jury in finding such person, thus present, guilty of participation and concurrence in the commission of the crime, unless he aided and abetted the actual perpetrator of the crime in the commission of the act, or unless he actually participated in the crime as a member of a criminal conspiracy. And conspiracy consists, gentlemen, in a corrupt agreement between two or more persons to do an unlawful act. Such an agreement may be established by direct proof, or may be established by inference, as a deduction from conduct, which discloses a common design on the part of two or more persons to act together for the accomplishment of unlawful purpose. That question, gentlemen, whether or not there was a conspiracy in this case between the defendant now on trial and another or others to do the unlawful act as charged, is a question for the jury to determine under the evidence. It is a question of fact for the jury to determine, under the evidence, whether or not there was a conspiracy to do the unlawful act charged in this bill of indictment, and if you find there was a conspiracy, then determine what was the scope of the conspiracy, and who were the conspirators, and whether the defendant now on trial was one of the conspirators, if there was a conspiracy. If there was no conspiracy, then the defendant can not be held as a principal for anything except what you may find was done, with him present aiding and abetting therein, or that which he did himself. If there was a conspiracy to do the act charged, and if the defendant now on trial was one of the conspirators, and if he counselled, procured or commanded the doing of the unlawful act charged in the indictment, and such act was done pursuant to such a conspiracy, then he would be guilty as a principal, whether present or absent. The existence of a conspiracy or common intent may be established by proof of acts and conduct, as well as by proof of an express agreement. If you should believe, and are legally satisfied from the proof of acts and conduct submitted to you, that there was a conspiracy or common intent, proof of those acts and conduct would be just as effectual to establish the existence of a conspiracy as would proof of an express agreement. The act of one does not bind another unless and

until the common criminal intent to do what was done is to the satisfaction of the jury established to have existed between the parties. Now, gentlemen, if you should find there was a conspiracy in this case, and that the defendant now on trial participated in the common intent and purpose to do what was done, and that what was done is that which is charged and alleged in the bill of indictment, then, gentlemen, what was done by any other person as a member of such conspiracy, pursuant to that common intent and purpose and during the pendency of the conspiracy would be just as binding upon the defendant as if he had done the act himself. If you should find there was no conspiracy, or if there was a conspiracy and the defendant now on trial did not participate in the common intent and purpose to do what was done, or that what was done is not that which is alleged in the bill of indictment, under those instances anything done by any other person would not be binding upon the defendant in the case. Now, gentlemen, any act done in pursuance of that association and during its pendency, by any one of those individuals during the pendency of the conspiracy, is in legal contemplation the act of all of them." This charge is attacked as being argumentative in favor of the State, to the disparagement of the defendant's rights. This contention is without merit.

3. Ground 2 complains of an excerpt from the foregoing charge as follows: "If there was a conspiracy to do the act charged, and if the defendant now on trial was one of the conspirators, and if he counselled, procured or commanded the doing of the unlawful act charged in the indictment, and such act was done pursuant to such a conspiracy, then he would be guilty as a principal, whether present or absent." This excerpt is attacked on the ground that the court did not charge in connection therewith elsewhere in his charge that, after a conspiracy had terminated, one conspirator could not thereafter be charged with the conduct of a co-conspirator. By reference to the entire charge on this principle, as set forth hereinbefore, it will be seen that the court plainly stated that a conspirator could be bound by the act of a co-conspirator only during the pendency of the conspiracy. There is no merit in this contention.

4. Ground 3 complains of the following portion of the charge: "The existence of a conspiracy or common intent may be estab-

218

lished by proof of acts and conduct, as well as by proof of an express agreement. If you should believe, and are legally satisfied from the proof of acts and conduct submitted to you, that there was a conspiracy or common intent, proof of those acts and conduct would be just as effectual to establish the existence of a conspiracy as would proof of an express agreement." Exception is taken of the use of the term "legally satisfied" in that the court did not explain the term more fully, contending that the court should have explained whether the jury should arrive at "legal satisfaction" by a preponderance of testimony or beyond a reasonable doubt. Considering the charge as a whole, there is no merit in this contention. The court committed no error in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*