32012.   SCHMID *v.* THE STATE.

Decided July 16, 1948.   Rehearing denied July 29, 1948.

*James R. Venable, Frank A. Bowers, Jackson L. Barwick, H. C. Morgan,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall,* contra.

GARDNER, J. ■ As will be readily seen, the evidence so far as the general grounds are concerned supports the verdict.

■ Special ground 4 assigns error to the effect that the court erred in refusing to allow counsel for the defendant to cross-examine a State's witness as to what the defendant said caused the wound in his back, some hours after the burglary, in a conversation which the defendant had with an officer (at the time testifying as a witness for the State), at the defendant's home. The contention of the State was that the wound was caused by a bullet which struck the defendant while he was in the laundry in the act or shortly after the act of blowing the safe—the shot having been fired by some one of the·officers. The defendant sought to put in evidence a statement of the defendant at his home that the wound in his back was caused by a nail scratch. The statement sought to be introduced in evidence was clearly self-serving and could not legally be introduced under the guise of refreshing the memory of the witness. The only objection urged at the trial by the defendant and contained in this special ground of the amended motion as to the admissibility of this testimony was that it was propounded

for the purpose of refreshing the memory of the witness as to what was said between the officers and the defendant after they arrived at the defendant's place. This being the only objection urged at the time the question was propounded, other reasons why it was proper to admit the evidence, urged by able counsel representing the defendant in their brief and argument, are beside the point and we will not discuss this assignment of error in further detail.

■ In special ground 5 error is assigned on the following charge of the court: "I charge you, gentlemen, that burglary is the breaking and entering into the dwelling, mansion, or storehouse, or other place of business of another, where valuable goods, wares, produce or any other articles of value are contained or stored, with intent to commit a felony or larceny." It is urged as error that the court should have gone, without a written request, into more detail as to the elements of burglary, for it is contended that the jury was left without the definition of burglary. In considering the whole charge, we find that the court instructed the jury correctly that the indictment alleged "in Fulton County, Georgia, on May 22, 1947 [along with other parties] did break and enter the storehouse and place of business of R. M. Vandergriff, operating under the trade name of Superior Laundry, where valuable goods were contained, with intent to steal." Again the court charged the jury "now, gentlemen, if after considering this case you should believe beyond a reasonable doubt that the defendant on trial either by himself or along with other parties named in this indictment, did in Fulton County, Georgia . . on May 22, 1947, break and enter the storehouse and place of business of R. M. Vandergriff, operating under the trade name of Superior Laundry, where valuable goods were contained, with intent to steal, you would be authorized to find the defendant guilty." It is difficult for us to conceive just what more specific detail as to the offense of burglary could be desired or requested under the law and the evidence in this case. *Daniel* v. *State*, 48 *Ga. App.* 789 (3) (173 S. E. 485). It must be kept in mind in this case that there was no issue as to whether or not the laundry building was burglarized. That question is clearly established beyond dispute. The only issue presented to the jury was whether the defendant was one of the four who burglarized it.

His defense was one of mistaken identity and alibi. In this view borne out by the record, this ground is without merit, and we see no benefit to be derived from multiplying words in further discussing the question. This ground is without merit.

■ Special grounds 6 and 9 are argued together by counsel for the defendant. The excerpt on which error is assigned in special ground 6 is as follows: "Now, gentlemen, you will notice here that the defendant is on trial with two other men. The State contends that they are accomplices, that they are accessories in regard to the charge."

Special ground 9 assigns error on the following charge of the court: "Now, gentlemen, you will notice here that the defendant is on trial with two other men. The State contends that they are accomplices, that they are accessories in regard to the charge. Where two or more men plan to commit a crime they are accomplices or accessories in regard to its commission, if such crime is committed. If there is a conspiracy between them to commit the crime and they do commit it together, they are accessories. A conspiracy is a unlawful agreement between two or more persons to do an unlawful act. If the defendant on trial, along with Chester Turner and Grady Boatright, or either of them, did plan and conspire to commit this crime, then, gentlemen, the acts of one during the pendency of the criminal enterprise, if there were such, would be the acts of the other, and each would be criminally responsible and liable for the acts of the other during the pendency, that is, during the commission of the crime but not after such criminal enterprise, if there were such, had not been completed." It will readily be seen that both of these excerpts from the charge are inaccurate both as to the facts and as to the statement of abstract principles of law. The excerpt in special ground 6 is inaccurate as a question of fact because while the defendant was jointly indicted with two other parties, they were not being tried together. This inaccurate statement surely did not influence the jury to the prejudice of the defendant. The jurors are intelligent human beings. Certainly they could see that the defendant was the only one being tried. We are quite sure that they recognize this fact, regardless of what the trial judge said about it. As to the last sentence in the excerpt set out in this ground, we will deal with that in discussing special

ground 9. The use of the word "accessories" was inaccurate and not germane to any issue in the case either as a matter of fact or law. There was no evidence that the defendant was an accessory either before or after the fact. "An accessory before the fact is one who, though absent when the crime is committed, procures, counsels, or commands another to commit same." Code, § 26-602. "An accessory after the fact is a person who, after full knowledge that a crime has been committed, conceals it, and harbors, assists, or protects the person charged with or convicted of the crime." Code, § 26-604. In no sense can an accessory after the fact be an accomplice in the major crime. *Ivey* v. *State*, 186 *Ga.* 216 (197 S. E. 322). An accessory before the fact may or may not be an accomplice in the major crime, depending on the facts of the transaction. If he is absent when the major crime is committed but counsels and procures the same to be committed, he is, under our law, an accessory before the fact. If he is present when the crime is committed and is the actual perpetrator of the crime, he is a principal in the first degree. If he is constructively present, keeping watch at some convenient distance and not the perpetrator, he is a principal in the second degree. One may be an accomplice and a coconspirator with another either as an accessory before the fact or a principal in the first or second degree. These principles are elementary. The evidence in this record does not show as a matter of fact that the defendant was either an accessory before the fact or a principal in the second degree. All the evidence for the State shows indisputably that if the identity of the defendant was correct, as the State's evidence shows, the defendant was a principal in the first degree and that he was an accomplice of his three companions, two of whom were indicted with him. It will thus be seen from the record that the inaccuracies pointed out in these excerpts are well taken, but the question is whether under the record, these errors were harmful to the defendant and thus require a reversal. After a careful consideration, we have reached the conclusion that they do not require a reversal, under the peculiar facts of this case. If the identity of the defendant was established by the evidence, and we think it was for the reason that this was a question of fact for the jury, which question was determined by the jury adversely to the defendant,

then the inaccuracies in the charge lose any harmful effect so far as the defendant is concerned. The State did not contend anywhere, or place in the evidence, that the defendant was an accessory before the fact or an accessory after the fact or that he was even a principal in the second degree. And there is no evidence at all that reveals such a view. The State did contend, and we think did successfully prove, that the defendant was an accomplice with the jointly indicted defendants Boatright and two others. Not only were the defendant and Boatright and the other two accomplices, but they were coconspirators. We think the charge as set out in these grounds on the principle of conspirators, though not very full, was correct and essentially full, in the absence of a written request, to withstand the criticism short of a reversal. Counsel for the defendant set forth a fuller charge on the question of accomplices and conspirators than the court gave. But if such fuller charge on the subject was desired, a written request therefor should have been made, for these reasons. These grounds show no cause for reversal.

■ In special ground 7 error is assigned on the following excerpt: "In felony cases, the testimony of an accomplice is not sufficient to sustain a conviction unless such testimony is corroborated by other competent evidence which you do believe are, by the facts and circumstances, developed by the trial." Error is assigned on this excerpt because the court failed to state that such other competent evidence must be other corroborating evidence and facts and circumstances developed, which, independently of the testimony of the accomplice, directly connect the defendant with the crime or lead to an inference that the defendant is guilty. In looking to the charge as a whole, we find that this point was substantially and correctly covered because in the same connection the court charged: "One who is present at the commission of a crime, aiding and abetting at the commission thereof, or who participated therein, is an accomplice, but before you would be authorized to find the defendant guilty on the testimony of an accomplice alone, the testimony of such other accomplice must be corroborated by some independent fact or circumstance, which, taken of itself, leads to an inference of guilt, not only that the crime charged was committed, but that the defendant was implicated in its commission and connected with its perpetration."

■ In special ground 8 the defendant assigns error on the following excerpt from the charge: "If, after considering the evidence of the witnesses, the statement of the defendant, the argument of counsel, and the instructions of the court, there should be in your minds and conscience a reasonable doubt as to the guilt of the accused, it would be your duty to give him the benefit of such doubt and find him not guilty." This excerpt as worded does not correctly state the law applicable to reasonable doubt. The jury in criminal cases are sworn to return a verdict according to the evidence. A reasonable doubt can lawfully arise only from the evidence or from the lack of evidence. Although with reference to a reasonable doubt it is not reversible error for the trial court to fail to state that they may consider the defendant's statement, it is not error to mention the defendant's statement in connection with reasonable doubt. *O'Dell* v. *State*, 120 *Ga.* 152 (47 S. E. 577). As to argument of counsel and the instructions of the court, of course they have their proper place. But to instruct the jury in effect that the argument of counsel or the opinion of counsel which is entertained from the evidence, should not be charged in such a way that the jury might be confused as to from what source the original doubt came. It should be made plain that this doubt should originate only from the jury's considering the evidence or the lack thereof. *McRae* v. *State*, 52 *Ga.* 290; *Smith* v. *State*, 95 *Ga.* 472 (20 S. E. 291); *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934); *Brannon* v. *State*, 140 *Ga.* 787 (5) (8 S. E. 7). In *Long* v. *State*, 38 *Ga.* 490, 509, the court said: "Doubts must be doubts pertinent to the matter in issue arising out of the evidence, or want of evidence, and not from any cause." See also *Malone* v. *State*, 49 *Ga.* 210 (8). It is conceded by counsel for the State that the excerpt in this ground is inaptly worded. We think it is. But the question presented for determination is whether, under the facts of this case, it requires a reversal. We have concluded that it does not: (a) Elsewhere in the charge and prior to the excerpt complained of, the court charged the jury, and we think properly, that a reasonable doubt is one that arises in the minds of the jurors "from the evidence in the case, the want of evidence, any conflicts in the evidence, or from the defendant's statement." We do not think that the language of the excerpt

is in such conflict with the correct charge just above quoted as to require a reversal; and (b) as we have heretofore referred, the only defense urged by the defendant was the defense of mistaken identity based on an alibi. The law does not require that alibi as a defense be proved beyond a reasonable doubt, but only by a preponderance of the evidence to the reasonable satisfaction of the jury. There is no error assigned upon the charge as it applies to the defense of alibi. For these reasons the assignments of error in this ground do not require a reversal.

■ The assignment of error in special ground 10 is that the court failed to give to the jury the form of the verdict in the event of acquittal. This assignment is without merit. The court gave such form.

■ Special ground 11 is but an enlargement of special ground 5, and is without merit.

The court did not err in overruling the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*