36425. HODGES *v.* THE STATE.

DECIDED NOVEMBER 20, 1956—REHEARING DENIED DECEMBER 5, 1956.

*Stonewall Dyer, James R. Venable,* for plaintiff in error.

*Paul Webb, Solicitor-General, Jeptha C. Tanksley, Charlie O. Murphy, E. L. Tiller,* contra.

TOWNSEND, J. ■ By the first special ground it is contended that the judge abused his discretion in invoking the sequestration-of-witnesses rule as against one of the codefendants named in the indictment who was not on trial, in view of the fact that the court allowed a witness for the State to remain in the courtroom during the progress of the trial at the request of the solicitor-general. No error is assigned on the refusal to exclude the State's witness, a police officer who was not an officer of court nor a prosecutor, but whom the solicitor desired to have present for possible conference during the presentation of evidence. Defendant's counsel stated that he desired the codefendant to be present for the same reason, and the court ruled that he might confer with such codefendant at any time, but that, so long as he was a possible witness, he was subject to the rule. Thus whether or not there was an abuse of discretion in allowing the State's witness to remain is not the subject of the assignment of error. The court has a discretion in such matters, the exercise of which will not be subject to review unless abused. *Swain* v. *State,* 151 *Ga.* 375 (2) (107 S. E. 40). In excluding the codefendant he was entirely within the purview of Code § 38-1703 which states in part: "In all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other."

Incidentally, the codefendant was not called as a witness. Since the assignment of error is based on the lack of impartiality on the part of the trial court in the enforcement of the rule for sequestration of witnesses rather than an abuse of discretion on

his part in permitting the State's witness to remain in the court-room, it fails to assign any error. Nor does any injury appear from the ground itself on account of this partiality shown the State. Accordingly, without approval of the practice that has grown too common in this State of enforcing the rule for the sequestration of witnesses in criminal cases by driving the defendant's witnesses out and allowing the State's witnesses to remain in, this assignment of error must be held in this case to be without merit.

■ Special grounds 5 through 13 all relate to testimony connecting this defendant with the lottery business, an independent criminal transaction. The testimony was admitted by the court for the limited purpose of showing motive and, a course of conduct leading to the crime, on the part of the defendant, a reason, when sustainable under the evidence, which forms an exception to the general rule prohibiting evidence of other criminal transactions. *Morris* v. *State,* 177 *Ga.* 106 (4) (169 S. E. 495) ; *Harrison* v. *State,* 60 *Ga. App.* 610 (5) (4 S. E. 2d 602). As to the evidence in this case, it appears that Mamie Daniel, the victim named in the first count of the indictment, was beaten, and that the 2 victims named in the remaining counts were shot at. It is undisputed that the defendant was present at the time. Mrs. Hodges presented no evidence but made a statement tending to explain her presence with the other persons in question as to a search for money stolen from her house, and stating that the only persons possessing weapons were the witnesses named in the indictment as to the victims. The entire theory of the State's case was that Mrs. Hodges, her codefendants and some of the alleged victims were engaged in lottery activities; that Mrs. Hodges had received word that Mamie Daniel and one Harry Johnson, also in the lottery business, had switched tickets so that Johnson could collect on a "hit" ticket and he had actually collected before the defendant found out about it; that she set out with the codefendants, Hall and Chance, to get her money back; that they first picked up Johnson in the automobile and threatened to kill him but let him go after he had given them his automobile and $400; that the defendant continued to beat Mamie to make her confess her part in the affair, both with her fists and the heel of her shoe; that the defendants forced Mamie

to call her husband, threatened to kill them both, and then drove to a filling station where the husband, Joe Daniel, was working; that all the defendants had firearms but Mrs. Hodges fired no shots; that the two codefendants shot at Joe Daniel and also at Travis. To substantiate the testimony of the witnesses in this regard there was also admitted testimony of the placing of the lottery ticket in question under a rock; two lottery tickets found in the defendant's pocketbook, and testimony tending to show that there was a lottery going on in the City of Atlanta and how it was operated. All of this evidence showed to some extent the motive of this defendant to engage in conduct which led to the shooting, and also the relationship between herself and the co-defendants amounting to steps taken during the pendency of an unlawful enterprise as a result of which she would be chargeable with their misconduct. The testimony as to the method in which a lottery is operated threw light on the testimony of the witnesses Harris and Johnson and Mamie Daniel in writing out, playing, concealing, or picking up the ticket which Johnson and Mamie Daniel were accused by the defendant of "switching." Being admissible for this purpose, and having been admitted solely for this purpose, none of the evidence was subject to the objection that it was inadmissible because referring to a distinct criminal transaction. These grounds are without merit.

■ The failure of the trial court to charge without request on the law of mutual combat as relating to manslaughter is assigned as error in special ground 15. On an indictment charging assault with intent to murder (an offense in which all the ingredients of murder, except death, must be present) the only effect of a charge on mutual combat would be that it would have authorized the reduction of the crime from murder to manslaughter had death ensued, and the consequent reduction of the crime of assault with intent to murder to shooting at another. *Swindle* v. *State,* 57 *Ga. App.* 197 (194 S. E. 883). Since the jury, as to counts 2 and 3, returned a verdict of shooting at another, and reduced the offense charged in count 1 to assault and battery, any error in omitting this charge could not have been harmful to the accused in view of the verdict returned. This ground is without merit.

■ The trial court charged the jury as follows: "Gentlemen of the jury, this defendant is on trial for the particular offenses

charged in this bill of indictment that you will have out for your consideration and on no other charge or charges. She is not on trial on account of any other alleged offense or offenses, and any evidence in this case with reference to any other alleged offense or offenses is admitted for the purpose of your consideration solely and only under the provision of law that where knowledge, motive, intent, good or bad faith, or any other matter dependent upon a person's state of mind are involved as material elements in the offenses for which she is on trial, evidence of the defendant's conduct with reference to such transactions about the same time is admissible for the sole consideration of the jury insofar only as it might tend to illustrate the defendant's state of mind on the subject involved, if you think it does so illustrate it.

*"The court does not intimate or express to you any opinion whatsoever as to whether the defendant had had other transactions at any other time similar to those charged in this bill of indictment against her in this case. Whether she has or has not is a matter for you to determine, and, if you believe that the defendant has had other transactions, you will bear in mind, that, in considering such evidence you are considering it solely with reference to the mental state or intent of the defendant insofar as the same is applicable or refers to or illustrates the charges embraced in this bill of indictment which you will have out with you for your consideration and for no other purpose."*

The italicized portion of this charge is assigned as error on the grounds that there was no evidence in the record of similar offenses to those charged in the indictment (assault with intent to murder); and was accordingly prejudicial, an intimation of opinion that the defendant had committed other crimes of assault, and illegally placed her character in issue. The qualifying phrase "similiar to those charged in this bill of indictment" did, of course, invite the jury to consider whether the evidence in the case showed the defendant to have been guilty of a prior assault, which it did not, but its context so clearly shows the court to have been referring to "other criminal transactions", rather than "other similar transactions" that, taking the charge in context, it does not seem possible for the jury to have been misled thereby. However, if they were misled into examining the evidence for indications that the defendant had committed a prior assault,

they were further instructed that any such evidence in the record could be considered only in reference to the intent of the defendant in regard to the transaction for which she was on trial. The statement, although inapt, certainly gave the jury no authority to consider evidence not in the record, nor was it an expression of opinion that there was such evidence. See *Evans* v. *State*, 68 *Ga. App.* 207 (5) (22 S. E. 2d 618); *Schmid* v. *State*, 77 *Ga. App.* 623, 634 (49 S. E. 2d 134); *Carrigan* v. *State*, 206 *Ga.* 707 (8) (58 S. E. 2d 407). Special grounds 14 and 16 are without merit.

■ In special ground 17 it is contended that the trial court erred in failing to charge without request "on the law of self-defense or under the fears of a reasonable man." Such an exception is too vague and general to constitute a valid assignment of error. *Smith* v. *State*, 125 *Ga.* 300 (1) (54 S. E. 124); *Jones* v. *State*, 46 *Ga. App.* 679 (2) (169 S. E. 46).

■ The evidence upon the trial of the case, including that set out in the second division of this opinion, is sufficient to authorize the verdict, and the general grounds are without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*