36655. CHANCE, *alias* COSTA *v.* THE STATE.

Decided April 18, 1957.

586

*James R. Venable,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carter Goode, Eugene L. Tiller,* contra.

GARDNER, P. J. ■ Mrs. Margaret Hodges was convicted. She appealed her case to this court. This court affirmed her conviction on November 20, 1956. See *Hodges* v. *State,* 94 *Ga. App.* 772 (96 S. E. 2d 312). We refer to that case because the evidence therein quoted is substantially the same evidence as in

the instant case. The evidence is sufficient to support the verdict. There is no merit in the assignments of error as to the general grounds.

■ Special ground 1 assigns error because it is contended that the court erred in instructing the jury as follows: "You are the judges of the facts and the law in this case. The facts you obtain from the evidence produced to you and from the defendant's statement, giving it such weight and credit as you think it is entitled to receive, or the defendant's statement alone." The court charged further: "The law you take from the court as given you in charge by the court. And the court charges you that any verdict which you may render in the case should be arrived at from the facts as you thus find them to be, applying thereto the law as given you in charge by the court, and it should be a verdict that speaks the truth." The excerpt of which complaint is made is substantially the same as that given in *Douglas* v. *State,* 14 *Ga. App.* 14 (79 S. E. 1134). In *Suple* v. *State,* 133 *Ga.* 601, 602 (66 S. E. 919), the court charged: "In his instruction upon the effect to be given the statement of the defendant, the court said: 'The defendant in all criminal cases has a right to make to the court and jury such statement as he may see fit in his own defense. That statement is not under oath, and the jury may give to it such weight as they may see fit. They may believe it in preference to the sworn testimony in the case or disregard it entirely.' The error alleged is that this instruction excluded from the jury the privilege of believing the defendant's statement in part and rejecting it in part. We do not think this criticism is justified." Headnote 1 of that case reads: "An excerpt from a charge should be considered in its relation to its context; and where the context removes all probability of an erroneous impression which might be created by the excerpt as an isolated fragment, a new trial will not be granted." See also *Broughton* v. *State,* 186 *Ga.* 588 (2) (199 S. E. 111, 120 A. L. R. 460), *Adams* v. *State,* 125 *Ga.* 11 (53 S. E. 804), and *Richmond* v. *State,* 210 *Ga.* 403, 406 (80 S. E. 2d 178). This assignment of error is not meritorious.

■ Special ground 2 assigns error in that the court charged as follows: "The existence or non-existence of a conspiracy or com-

mon intent may be established by proof of acts and conduct, as well as by proof of an expressed agreement. In other words, in order to prove a conspiracy, it is not necessary to prove that there was an expressed agreement between the parties. If you are satisfied beyond a reasonable doubt, from the proof of acts and conduct submitted to you, that there was a conspiracy or a common intent, proof of these acts and conduct would be just as effectual to establish the existence of a conspiracy as would proof of an expressed agreement." It is contended that the excerpt is not a correct statement of the law; that it was misleading and confusing to the jury in that it cast upon the defendant the burden to prove the non-existence of a conspiracy. In *Thompson v. State*, 68 *Ga. App.* 214, 216 (22 S. E. 2d 620) this court held: "The existence of a conspiracy or common intent may be established by proof of acts and conduct, as well as by proof of an express agreement. If you should believe, and are legally satisfied from the proof of acts and conduct submitted to you, that there was a conspiracy or common intent, proof of those acts and conduct would be just as effectual to establish the existence of a conspiracy as would proof of an express agreement." This special ground is not meritorious.

■ Special ground 3 assigns error because it is contended the court erred in charging as follows: "Mutual combat arises where there is a mutual intention to fight, each to fight the other. If a person should kill another in his defense while engaged in mutual combat, to justify the killing it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary; and also, that the person killed or the person intended to be killed by the defendant was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given."

It is our opinion that this point is controlled by *Bailey v. State*, 148 *Ga.* 401 (1, 1a) (96 S. E. 862), wherein the court charged: "Where on the trial of a person charged with murder the evidence or the prisoner's statement is sufficient to show mutual combat between the deceased and the accused at the time of the homicide, the judge may properly give in charge to the jury the provisions

of the Penal Code, § 73. [Now Code § 26-1014]. Mutual combat sufficiently appears where it is shown that there was a mutual intent by the accused and the deceased to fight and one or more blows were struck." See also *Pollard* v. *State*, 124 *Ga.* 100 (52 S. E. 149), *Mills* v. *State*, 133 *Ga.* 155 (65 S. E. 368), *Gay* v. *State*, 173 *Ga.* 793 (161 S. E. 603), and *Hodges* v. *State*, 94 *Ga. App.* 772, 775, supra. In *Kidd* v. *State*, 10 *Ga. App.* 147 (2) (75 S. E. 266) this court held: "The defendant was indicted for assault with intent to murder, and was convicted of unlawfully shooting at another. He can not complain that the judge erred in charging the jury as to the law of voluntary manslaughter. It conclusively appears that he could not have been injured by such charge." The evidence in the instant case shows that the defendant and Joe Daniel were engaged in mutual combat with pistols. This assignment of error is not meritorious. The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*