4482. MOORE v. LOWE & COMPANY.

1. There was no error in the charge of the court; and though there was sharp conflict in the evidence, the verdict was authorized.
2. The fact that the court did not specially refer to circumstances corroborative of the contentions of one of the parties affords no ground for an assignment of error complaining that this omission withdrew the consideration of these circumstances from the jury. The judge fairly stated the controlling issue in the case and correctly instructed the jury with reference to it. If more explicit instructions were desired, they should have been requested.

DECIDED JULY 22, 1913.

Complaint; from city court of Valdosta—Judge Cranford. September 13, 1912.

*J. R. Walker, Dan R. Bruce,* for plaintiff in error.
*Isaac H. Corbitt, W. R. Smith,* contra.

RUSSELL, J. Lowe & Company sued Moore on a promissory note. He filed a plea of non est factum, and this was the only issue in the case. The verdict was against the defendant. His motion for a new trial was overruled, and he excepted. At the trial he testified that he did not sign the note sued on, and witnesses testified in his behalf that the note which he signed was a very small piece of paper, whereas the note here involved is an extremely long instrument, covering nearly two pages of the record, with clauses containing reservation of title, conveyance of a mortgage lien, power of sale, and various other stipulations. He introduced, for comparison by the jury, a number of other notes which he had given. It is enough to say that there was ample evidence to have sustained a finding in favor of the plea of non est factum. On the other hand, the plaintiffs proved by the subscribing witnesses the execution of the note. In the defendant's motion for a new trial it is complained that the court, in charging the jury, omitted to

call special attention to certain circumstances in the evidence, and especially that the court excluded from the consideration of the jury evidence in the defendant's favor, and the argument of his counsel, which tended to stress the fact that it was improbable that a man of his standing would have given such a "hidebound" instrument as that in suit. It is insisted that when the judge told the jury that it was not a question of what they would have done, or any one else would have done, in the premises, but that the real question was whether the defendant signed the note, he virtually prevented the jury from considering the reasonableness or unreasonableness of the testimony in behalf of the plaintiffs, and thereby prejudiced the cause of the defendant. A case can be imagined in which an instruction by the trial judge might have this effect, but in the present case the judge specifically told the jury (after correctly telling them that the question being tried was whether the note was signed by the defendant and whether this was the note or not) to consider all evidence throwing light upon whether or not Moore signed the note, and that if they believed, from a preponderance of the evidence, that Moore signed it, their verdict would be in favor of the plaintiffs; whereas if they believed that Moore did not sign it, the verdict would be in favor of the defendant. So far from excluding from the jury the consideration of the probability of the defendant's signing such a note as that in suit, the judge in his charge expressly told them more than once that all the evidence had been admitted for the express purpose of throwing light on the question whether the defendant had in fact signed the note. As stated by the judge, what any one of the jury would have done in regard to the note would be immaterial. The true question was whether, under the circumstances in the case, and considering the defendant's surroundings, he signed the note. In a portion of the charge, antecedent to that of which complaint is made, the court charged the jury as follows: "The burden of proof is upon the plaintiffs in this case, and the plaintiffs should make out their case by a preponderance of the testimony. The question is a question of fact. It is a question of whether or not Mr. W. H. Moore signed the note sued upon. All the testimony has been let in for the purpose of throwing light upon that one fact as to whether Mr. Moore signed or not."

Viewing the charge as a whole, there is nothing in the point

that the court withdrew from the consideration of the jury facts or circumstances illustrative of the main issue. The real question in the case was whether or not Moore signed the note. The court did not withdraw such circumstances from the jury, but, on the contrary, expressly submitted to them every circumstance that might illustrate what Moore would have done, or did, under the circumstances. What any one else might have done was entirely immaterial, because the same influences might not have operated in like manner upon another individual.

There was no error in refusing a new trial.

*Judgment affirmed.*