## 28438. THOMPSON *v.* LYON.

DECIDED NOVEMBER 29, 1940. REHEARING DENIED DECEMBER 17, 1940.

*W. O. Slate, H. C. Denton,* for plaintiff in error.

*T. F. Bowden, Hewlett & Dennis,* contra.

STEPHENS, P. J.   (After stating the foregoing facts.)

1.   The court charged the jury as to the contentions of the defendant as alleged in his cross-action as follows:   "That the plain-

tiff is justly and truly indebted to the defendant in the sum of $805, as shown by the detailed itemized statement attached to the defendant's answer and marked defendant's exhibit A, that the amount has been credited with $71.49 which leaves a total of $733.51." The defendant contends that this charge was error because it failed to instruct the jury as to the items comprising the $71.49 credit, which the defendant conceded should be allowed the plaintiff against the sums sued for by him in the cross-action, "and left the jury in ignorance as to what items had been credited by the defendant on his cross-action." No error as against the defendant appears from this ground. The court was instructing the jury as to the contentions of the defendant in the cross-action. The jury found for the plaintiff and therefore against the defendant on the cross-action. It does not appear how an itemization of the sum which the court stated was to be allowed as a credit against what the defendant claimed the plaintiff was due him in the cross-action, and which the defendant conceded should be allowed as a credit to the plaintiff on the sums claimed in the cross-action, would have benefited the defendant to the extent of influencing the jury to find in his favor (on the cross-action), or how such failure to charge tended to prejudice the jury to find against the defendant thereon. The jury, by their verdict, found that the plaintiff did not owe the defendant anything on the cross-action, and also that the defendant was due the plaintiff the sums sued for.

2. The defendant assigns error on the following charge of the court: "Likewise, it is not necessary for the defendant to file any additional pleadings in the case as to those contentions, merely filing an answer and serving same on the plaintiff in the case is sufficient to form an issue in the case for you to try." The defendant "contends that said charge was error because the effect thereof was to confuse the jury, and further because said charge is not adaptable to either the pleadings or the evidence in said case." This assignment of error is without merit. It does not appear how the defendant was prejudiced by the charge quoted. The court was instructing the jury that upon the defendant's admitting a paragraph of the plaintiff's petition it was unnecessary for the plaintiff to offer any proof as to the matter contained in such admitted paragraph, and the court immediately followed these instructions with the excerpt quoted above.

3. The court charged the jury: "An oral agreement between the parties is just as binding as if it had been in writing, if you find such in this case." The defendant contends that this charge was error because the court did not then or at any other time during the charge to the jury submit to the jury the contention of the defendant with reference to the change, which he contends the evidence introduced by him shows was made, in the original written contract between the defendant and the plaintiff, and that without being specifically charged as to such contention of the defendant the jury was not properly instructed. The above excerpt was not error for any of the reasons assigned.

4. The defendant contends that the court erred in charging the jury as follows: "With reference to the agreement between the parties, as to the monies advanced here, you will be the exclusive judges of whether or not those are proper items of recovery. If it was not money advanced by the plaintiff in the case, then it would not be a proper item of recovery, if that was their understanding at the time. If it was a loan advanced to the defendant, and that was their understanding, then it would be a proper item of recovery, if you find that to be the case." The defendant assigns error on this excerpt as being confusing and misleading, and as not being sufficiently explicit for the jury to arrive at a proper conclusion, for the reason that the court failed to include the question whether or not any alleged advances were against commissions and not just money advanced as a loan. The defendant contends that the court should have charged on the question of voluntary payment, and that it was error not to include in the charge the law with reference to the payments being voluntarily made. The charge was not error for any of the reasons assigned. No question as to voluntary payments was raised in the pleadings. There was no request to charge on the question of voluntary payments. The plaintiff contended that the sums sued for were advanced to the defendant as loans. The defendant denied this, claiming that under a subsequent agreement these "advancements" were not to be repaid by him, and that he was not indebted therefor. The portion of the charge that if the "advancements" were not "money advanced" by the plaintiff then the advancements would not be a proper item of recovery, if this was the understanding between the parties, was a submission to the jury of the contention of the defendant that

he did not owe the plaintiff for the money advanced. The charge therefore was not error on any of the grounds urged.

5. The court charged the jury: "Now with reference to the defendant's contentions, . . . if you find that the property in question was property of the defendant T. D. Thompson then you would have to go further and say what the reasonable value of that property was, that property that was his, and, in the agreement, that he would get back what belonged to him. Then it would be up to you to say from the evidence given here, what the value of that property was. And if he is entitled to recover, whatever amount you may determine from the evidence he could recover for that amount. But if the property in question was not his, he could not recover for property belonging to any one else, or that he did not have proper title to. In any event, he would have to own it himself." There is no evidence that the property referred to by the court and which the defendant contends was used by the plaintiff and for which he claims he was to be paid, and for which he sues in the cross-action, belonged to any one other than the defendant at the time it was brought by him to the plaintiff's business. A recovery for the reasonable value thereof was sought by the defendant in the cross-action. The jury found for the plaintiff for the full amount sued for, without allowing the defendant any credit for the sum set out in the cross-action. Under this charge the jury were instructed that if such property did not belong to the defendant, or if he did not have proper title thereto, he could not recover as against the plaintiff the reasonable value thereof. The submission of this as an issue was not authorized by the evidence. While the evidence demanded a finding that the defendant had acquired all the right, title, and interest of the Alliance Printing Company in the property, and that it belonged to him when he brought it to the Lyon-Young Printing Company, the charge of the court, in submitting to the jury as an issue of fact, which it did. whether the defendant had ever owned the property, was equivalent to a statement or instruction to the jury that there was evidence from which the jury could infer that the defendant did not own the property. There was no such evidence. Under this charge the jury might have inferred that the property did not belong to the defendant, and so found in finding a verdict against the defendant's cross-action. The charge therefore was

error prejudicial to the defendant. If there had been no evidence whatsoever that the property had ever belonged to the Alliance Printing Company, the charge might not have been error. Cases which hold that it is harmless to the complaining party for the court to submit to the jury as an issue matter about which there is no dispute in the evidence, are based on the theory that since the evidence is conclusive on the question the jury could not have drawn a contrary conclusion. Where, however, as in the case now before the court, the evidence was conclusive that the title to the property belonged to the defendant, but where there was evidence that the property had belonged to the Alliance Printing Company before that time, the jury might have inferred that this evidence was of some probative value from which the jury might find that the property belonged to the Alliance Printing Company and did not belong to the defendant. There was no evidence in support of the charge, and being prejudicial to the defendant it was error demanding the grant of a new trial.

6. The court did not err "in failing to charge the jury with reference to the contract of employment between plaintiff and defendant, wherein said contract provided·in addition to a regular weekly salary, a division of the profits, nevertheless, said contract was silent as to any monies advanced against commissions, and being silent, there was no justification for charging any advances or overdrafts against defendant's account, and movant contends the court erred in not charging this principle of law to the jury, as the failure to do so created in the minds of the jury the thought that such advances were recoverable." This ground does not show. any error. The court gave in charge to the jury the contentions of the parties as made by the pleadings, and if the defendant desired a more detailed instruction relative to contentions made by him under the evidence a timely and proper request therefor should have been made.

7. A verdict was not demanded for the plaintiff as to the alleged advances made to the defendant. The error relative to the subject-matter of the defendant's cross-action requires the grant of a new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*