31350. BETHEA, County Administrator, *v.* DIXON *et al.*

DECIDED SEPTEMBER 5, 1946. REHEARING DENIED SEPTEMBER 27, 1946.

*W. T. Revell,* for plaintiff.

*Gordon Lanier,* for defendants.

SUTTON, P. J. (After stating the foregoing facts.) ▇ To the petition of the county administrator seeking permanent letters of administration on the estate of Summerfield Tucker Dixon, on the grounds that he left an estate worth about $2000 and that his estate was not represented and was not likely to be represented, his heirs at law filed a caveat, one ground of which was that "All of the legal existing debts of S. T. Dixon have been paid by his heirs at law. The heirs at law prefer to settle the estate of S. T. Dixon, if any, without administration." On the trial it was contended by the caveators that the deceased left no estate to be administered. While it is provided in the Code, § 113-1301, that "There shall be appointed, in each county, by the ordinary thereof, a county administrator, whose duty it shall be to take charge of all estates unrepresented and not likely to be represented," and in § 113-1306 that, "If from any cause an estate is unrepresented, and not likely to be represented, the ordinary shall vest the administra-

tion thereof in the county administrator, a citation being first published for four weeks, as in other cases," these provisions of law confine the appointment to cases where *estates* are unrepresented and not likely to be represented. Administration upon an alleged unrepresented estate can not be vested in the county administrator, when the decedent left no *estate* at all. *Lowery* v. *Powell,* 109 *Ga.* 192 (34 S. E. 296). Also see *Guerry* v. *Pullen,* 112 *Ga.* 314 (37 S. E. 391); *Durden* v. *Wright,* 143 *Ga.* 62 (84 S. E. 125).

"On the death of a wife intestate, leaving a separate estate in lands, without remainder or limitation over, title to such estate vests at her death in her heirs at law; and where these heirs are a husband and minor children, they take the estate share and share alike (Code, § 113-902), and the share of the husband is subject to the payment of his debts." *Payton* v. *Monroe,* 110 *Ga.* 262 (34 .S. E. 305). Nevertheless, where the husband is indebted to his wife at her death, the right of her administrator to appropriate the distributive share of such husband to the payment of his debt to the intestate is superior to the claims of his creditors. *Haley* v. *Partain,* 31 *Ga. App.* 144 (120 S. E. 14). Also see, *Lester* v. *Toole,* 20 *Ga. App.* 381, 385 (93 S. E. 55); *Cox* v. *Brady,* 58 *Ga. App.* 498, 504 (199 S. E. 242). The fact that the debtor husband had become a bankrupt after his wife's death and subsequently died and thereafter received a discharge in bankruptcy, does not preclude the administrator of the wife's estate from retaining the husband's distributive share in her estate and applying it on his debt to her estate. *Johnson* v. *Jones,* 54 *Ga. App.* 456 (188 S. E. 279).

Under the facts of this case, the jury was authorized to find that the only assets claimed by the county administrator to be assets of the estate of Summerfield Tucker Dixon was his distributive share in his wife's estate, which distributive share had been appropriated by her administrator and applied on a debt due by the husband to his wife's estate, which debt was created prior to her death; and that Summerfield Tucker Dixon left no estate to be administered by the county administrator, or by any other administrator.

The verdict of the jury is supported by evidence, and the trial judge did not err in overruling the general grounds of the motion for a new trial.

■ In special ground 1, the plaintiff in error contends that the

court erred in giving in charge the Code, § 113-1314, which provides, "Nothing in this Chapter shall be construed to authorize and require the ordinary to vest the administration in the county administrator or any other person, where the heirs, distributees, or legatees prefer to settle the estate without administration"—upon the grounds that such charge was misleading and confusing and was equivalent to the direction of a verdict against administration if the jury found that the heirs preferred to settle the estate without administration and upon the further ground that it was inapplicable to the facts involved in the case as long as there were debts outstanding by the estate. The applicant contended that administration on the estate of the decedent was necessary and proper because he left debts and an estate, while the caveators contended that administration was not necessary because the decedent left no estate to be administered and they preferred to settle the estate, if any, without administration. Under the pleading and evidence, the charge was not error for any reason assigned and the judge did not err in overruling special ground 1 of the motion for a new trial.

■ Special ground 2 of the motion for a new trial assigns error on the refusal of the court to give the following oral request to charge: "May I ask your honor to charge in connection with that provision which permits the heirs at law to settle the estate without administration to charge in connection with that that it has no application where there are debts owing by the estate, but where there are heirs, assets and debts the heirs at law can not of their own volition refuse to have an administrator appointed." It was held in *Norris* v. *State*, 184 *Ga.* 397 (3) (191 S. E. 375) : "The court did not err in refusing the oral requests to charge. Requests to charge should be in writing (Code, § 81-1101), and there is no exception to the rule that a refusal to give an oral request to charge is not ground for a new trial." See also, *Western & Atlantic R.* v. *Swigert,* 57 *Ga. App.* 274, 277 (195 S. E. 230) ; *Wells* v. *Blitch,* 184 *Ga.* 616 (192 S. E. 209) ; *First National Bank of Birmingham* v. *Carmichael,* 198 *Ga.* 309, 312 (31 S. E. 2d, 811). The failure of the court to give the oral request to charge was not error.

■ Nor did the court err, under the facts of this case, in charging the jury, "I would charge this, that any one that takes charge of an estate of the deceased is liable to any creditor for

twice the value of the property they take over." This remark or charge was made by the court in ruling on the oral request to charge above set out, and, while the remark may have been inapt, it does not appear that it was harmful to the plaintiff in error. The charge given by the court to the jury, taken as a whole, fully, accurately, and fairly submitted to the jury all the substantial issues in the case and the law applicable thereto. No error is shown by special ground 2 of the motion.

■ The verdict is supported by the evidence, no error of law appears, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. Regardless of other questions in the case it appears that there were two debts owed by S. T. Dixon, one to the W. T. Rawleigh Company and one to the estate of Mrs. Mary E. Dixon. The evidence showed that the Rawleigh Company debt was compromised and settled by order of the referee in bankruptcy upon petition therefor duly filed. This settlement extinquished that debt. Assuming that the estate of S. T. Dixon owed the estate of Mrs. Mary E. Dixon, the heirs of each estate were the same, and by receiving their respective shares in the estate of Mrs. Mary E. Dixon the heirs either treated the debt of the estate of S. T. Dixon as merged in their title or waived the debt, the effect being the same in either case. It seems to me that under these facts a finding that no administration was necessary was demanded by the evidence. Hence, any errors in the charge were harmless. Just for the record I would like to say that in my opinion Code, § 113-1314 refers to cases where there are no debts against the estate. See, in this connection, Code (Ann. Supp.) §§ 113-1232, 113-1233; Ga. L. 1945, pp. 167-8.