### 32052. BAGLEY *v.* TARVIN.

DECIDED JULY 8, 1948.

*M. G. Hicks, Maddox & Maddox,* for plaintiff in error.
*Covington, Covington & Sullivan,* contra.

PARKER, J. Howard Tarvin sued out a purchase-money attachment against W. H. Bagley for an alleged indebtedness of $800 balance due on the purchase-money for an undivided half interest in an automobile truck. Upon the filing of the declaration in attachment, the defendant answered setting up that he had fully paid the plaintiff all sums due him, and denying any indebtedness to the plaintiff. The jury found for the plaintiff and the defendant excepted to the overruling of his motion for new trial.

█ Counsel for the defendant admit that there was some evidence to support the verdict in favor of the plaintiff, and they argue only the special grounds of the motion for new trial. Therefore, it is not necessary for this court to consider the general grounds of the motion.

366

■ Special grounds 1, 2, and 3 complain of the admission of certain testimony offered by the plaintiff over objections by the defendant. Neither of these grounds is complete within itself. They can not be considered and determined without an examination of the brief of the evidence or other parts of the record. Furthermore, neither of these grounds shows how the testimony which was admitted over objection was material or could have been hurtful to the defendant. *Mayor &c. of Gainesville* v. *White,* 27 *Ga. App.* 16 (107 S. E. 571); *Allen* v. *State,* 29 *Ga. App.* 213 (2) (114 S. E. 583); *Hunter* v. *State,* 148 *Ga.* 566 (2) (97 S. E. 523). For these reasons no error appears in any of these grounds.

■ Ground 4 complains of this sentence in the charge: "Now, the truth of the transaction you will decide yourselves, from the evidence to which you have listened, applied to these rules which I have given you in charge." The defendant relies on the case of *John Hancock Mutual Life Ins. Co.* v. *Davis,* 50 *Ga. App.* 266 (177 S. E. 822), and cases cited therein, to sustain his contention that this charge was error. It is generally reversible error for the court to so charge the jury as to withdraw from their consideration material physical or documentary evidence which has been introduced, where the instruction is not cured in any other part of the charge, but we do not think that principle is applicable here as we will undertake to show. The defendant introduced in evidence a check given by him to the plaintiff for $1000 which he identified while on the stand. There was testimony by both parties concerning this check. The plaintiff claimed that the check was given to him for a load of rice, paper bags and paper cups, while the defendant claimed the check was given to the plaintiff for the purpose of paying him back the $1000 he had invested in the business and the truck. Both parties testified in detail and at considerable length with respect to the check, and the jury could not have been misled or confused because of the failure of the court to refer in his charge specifically to the check, or to other documentary evidence about which the parties had testified. Furthermore, the court charged that the burden was on the plaintiff to establish his case by a "preponderance of the evidence," and that the jury were the exclusive judges of the "evidence and of the weight of the evidence," and

that the jury would take the law from the court and then "look to the evidence" offered before them in making a verdict, and that they should "find from the evidence" the truth of the case. While the one sentence in the charge complained of was technically inaccurate and inapt, when considered in connection with the charge as a whole we do not think it was error. See *Darden* v. *Washington,* 35 *Ga. App.* 777 (6) (134 S. E. 813) ; *Moyers* v. *State,* 61 *Ga. App.* 324 (5) (6 S. E. 2d, 438) ; *May* v. *Leverette,* 164 *Ga.* 552 (6) (139 S. E. 31).

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*