33586.  GRAHAM *et al. v.* FRAZIER.

DECIDED JUNE 14, 1951. REHEARING DENIED JULY 19, 1951.

460

*Smith, Kilpatrick, Cody, Rogers & McClatchey, M. E. Kilpatrick,* for plaintiffs in error.

*James V. Davis, Edmund A. Landau Jr., Farkas & Burt,* contra.

GARDNER, J. ■ By an amendment to its answer the defendant Cotton Oil Company set up that (1) it had advanced to the Farmer's Exchange Inc. the money with which to purchase the peanuts involved in this litigation and same were purchased from the growers with its money and therefore the title to same was in it and not vested in said exchange; that (2) there was no valid transfer of the receipts and notes by said Hartford Accident & Indemnity Company to the plaintiff, Frazier, same being merely a subterfuge in order to substitute Frazier as plaintiff in the place of said insurance company, and the real plaintiff is the indemnity company and not Frazier, who has no interest in any recovery; and that (3) Frazier was during the

period from September 1945 through December of that year employed by the Farmer's Exchange Inc. and was also a party defendant in an action by the Bank of Commerce against said indemnity company in the United States District Court for the Middle District of Georgia in which a verdict and judgment were rendered in favor of said bank and against the defendants, and adjudicating that Frazier fraudulently converted the peanuts to which he now claims title. The plaintiff demurred to the paragraphs of the amended answer embracing the above contentions as being "irrelevant and immaterial" and as setting forth "no defense" to this action in trover and that same "can in no way affect the rights of the plaintiff in this case." The trial court sustained these grounds of demurrer and struck paragraphs 7, 8, 10, 15, 16, 17, 18, and 19 of the answer of said oil company, embracing in the main the above contentions. To this judgment, the defendant cotton oil company excepted pendente lite, assigning error thereon in the bill of exceptions in this case.

Even if it appears that the court, upon demurrer interposed by the plaintiff, improperly sustained same and struck a portion of the defendants' amended answer, and there is a final judgment and verdict for the plaintiff, such ruling on the demurrer will not result in a reversal, where it appears that evidence was introduced tending to substantiate the facts set out in the stricken portion of the amendment to the answer and therefore the defendant obtained the full benefit of the defense or contentions made by the defendant in the portion of the amendment to the answer, which was stricken. See *Fidelity & Deposit Co.* v. *Norwood,* 38 *Ga. App.* 534 (144 S. E. 387). See also *Northwestern Mutual Life Ins. Co.* v. *Suttles,* 201 *Ga.* 84, 105 (38 S. E. 2d, 786), and cit. It appears from the record, and as appears from this opinion as a whole, that the defendant received the full benefit of the three contentions or defenses of the Southern Cotton Oil Company embodied in the portion of the amendment to the answer stricken by the court. In these circumstances, we make no ruling as to whether or not the order of the trial judge striking such portion of the amended answer was erroneous, but we do hold that even if error, no harm resulted therefrom to the defendant or either of them and the case will not be reversed for that reason. Had these portions of the

amended answer not been stricken, we do not see how the result could have been affected. The defendants received the full benefit thereof when evidence was introduced in support thereof. In ruling in the present case and in the former decision, this court has ruled on the questions raised by these portions of the amended answer.

■ The defendants insist that the evidence did not authorize a verdict in favor of the plaintiff and that the verdict rendered by the jury against them for. $25,228.91 was therefore contrary to law and without evidence to support it. As we have noted, this case is now in this court for the second appearance. The first time the case was here the judgment excepted to was the overruling by the trial court of certain general demurrers to the petition of the plaintiff, as amended, and this court affirmed that judgment, holding that the plaintiff was entitled to proceed in trover against the defendants for the peanuts in that the plaintiff obtained title to the peanuts and right to possession thereof by virtue of the issuance by the Farmer's Exchange Inc. of the warehouse or custodian receipts, which were transferred to the plaintiff along with the notes to secure same, the peanuts having been pledged and the receipts issued. There was evidence tending to support the allegations of the plaintiff's petition, as amended.

The evidence for the defendants tended to show that the defendant Southern Cotton Oil Company, by virtue of certain contracts between it and the Commodities Credit Corporation, and pursuant to War Food Order 130, issued by War Food Administrator, under which the cotton oil company became a "handler" and duly authorized to purchase peanuts, furnished the money to the Farmer's Exchange Inc. to purchase peanuts. The defendants contend that the above being true, and it not appearing that the Farmer's Exchange Inc. nor the Bank of Commerce, nor the Hartford Accident & Indemnity Company, nor the plaintiff, had any such authority to purchase peanuts, that the title to the peanuts purchased by the warehouseman and placed in its warehouse never vested in the warehouseman, and that it, therefore, could not convey any title to the Bank of Commerce. The defendants contend that as a matter of law the plaintiff had no title or right to possession of the peanuts

sued for and that the verdict for the plaintiff was not only un-
authorized and contrary to law but that a verdict finding in
favor of the defendants was demanded as a matter of law. It
seems that, under the rulings of this court when this case was
here before, now being the law of this case, that the plaintiff
had a right to institute and prosecute this action in trover and
therefore the right to recover the peanuts sued for or their value,
providing there was evidence tending to substantiate the allega-
tions of the petition, as amended, before the jury. This court
ruled that the receipts were effective to convey title from the
Farmer's Exchange Inc. to the Bank of Commerce; that there
was a constructive delivery, by the issuance of the receipts, of
the peanuts to said bank; that said receipts were negotiable;
that the bank could transfer the notes and with them the posses-
sion of the peanuts and the transferee stood in the shoes of the
bank, and that a transfer of the warehouse receipts amounted to a
delivery of the peanuts and passed the title thereto. In *Graham
v. Frazier*, 82 *Ga. App.* 185 (60 S. E. 2d, 833) this court ruled:
"As we have seen the Farmer's Exchange Inc., the warehouseman,
after the transaction with the bank whereby these receipts were
issued and delivered to the bank, did not retain this property
as owner, but the title thereto had passed to the bank under
the pledge thereof to it and until the pledge was fulfilled, that is,
until the notes were paid, the peanuts were the property of the
bank as a purchaser thereof. The bank had the title and not
the warehouseman. The peanuts belonged to the bank. When
the cotton oil company, subsequently to the pledge of these
peanuts to the bank and their constructive delivery to the bank,
and while the bank held title, accepted delivery of the peanuts
from the warehouseman, the said warehouseman had no title
to the peanuts and could convey none to the cotton oil company."
Under the contentions of the plaintiff, "It does not appear that
the defendants or either of them acquired these peanuts as bona
fide purchasers for value from the warehouse without notice,
relying on the fact that the physical possession thereof was in
the warehouseman." This court then held that the cotton oil
company acquired no title. The plaintiff's petition, as amended,
was supported by evidence, and it can not be said that the same
was contrary to law. This court ruled that the bank acquired

title to the peanuts and that the transfer of the warehouse receipts by the bank to the indemnity company, even though it was after the defendant cotton oil company had obtained the peanuts sued for, passed title to the peanuts to the indemnity company, and that the transfer and assignment thereafter to the plaintiff placed the title in him.

The evidence, tending to support the allegations of the petition of the plaintiff, as amended, therefore authorized the verdict in favor of the plaintiff. The evidence did not demand a finding in favor of the defendants. The fact that Frazier had worked for the Farmer's Exchange Inc., and had himself signed some of the receipts, and the fact that there was evidence to the effect he had seen the president of the exchange removing some of the peanuts, after they had been pledged to the bank, and before he had severed his employment with the warehouseman and before he had become the holder of the legal title to said peanuts upon the transfer to him of the warehouse receipts by the indemnity company, as evidence of ownership of the peanuts, does not render the verdict contrary to law and does not demand a verdict for the defendants. The fact that the Southern Cotton Oil Company, through Graham as its agent, obtained the peanuts does not alter the situation. The exchange did not have title. The defendant did not acquire any more than the exchange had. There is nothing in the decision of the U. S. Court in Bank of Commerce v. Hartford Accident & Indemnity Company, and Richard Frazier, 164 Fed. 2d, 149, s. c., 170 Fed. 2d, 94, adjudicating the law and the facts hereof to such an extent as to require a different verdict from that rendered and demanding a verdict for the defendants. On the question whether or not Frazier, while in the employ of the warehouseman, and while he had custody of the peanuts, was guilty of such fraud as against the Bank of Commerce in permitting the removal of the peanuts, after the receipts had been issued by the warehouseman and delivered to the bank, as would render the verdict in his favor in the present action void, this court ruled that Frazier was entitled to maintain trover, having acquired the title of the Bank of Commerce to the peanuts, by virtue of the transfer to him by the indemnity company of the peanuts evidenced by the warehouse receipts. The plaintiff is proceeding here by virtue of the

contract between the Bank of Commerce and the Hartford Accident & Indemnity Company and the subsequent transfer to him.

There is no merit in the general grounds of the defendants' motion for a new trial.

■ The defendants assign error in a special ground of their motion for new trial upon the following excerpt from the charge of the court: " . . The plaintiff, Richard Frazier, has filed in this court, his petition as amended, in which he alleges and contends that the defendants, Frank A. Graham and the Southern Cotton Oil Company, received the peanuts to which the plaintiff has title or right of possession, said peanuts, as plaintiff contends, being of the value of $70,000. The defendants have come into court and filed their answers, as amended, in which they deny the contentions of the plaintiff, and contend that they have title to the peanuts in question, and contend that they are not indebted to the plaintiff in any amount."

The defendants contend that the trial court erred in the above charge in which the court undertook to summarize the entire petition of the plaintiff and the entire contentions of the defendants in a single sentence "in that said instruction was an incorrect statement of the contentions of the plaintiff and of the defendants and did not, moreover, state the full contentions of the defendants based upon their answer and the evidence adduced in support thereof."

There is no merit in the above contention of the defendants. The charge, as given, did not incorrectly state the contentions of either the plaintiff or the defendants. There was no request for fuller instructions as to the contentions of the parties. The court, immediately after instructing the jury as above set out, charged " . . what has just been said, states briefly the contentions of the parties in this case. You will have the pleadings in the case out with you, and you may read them, if you like. However, the court instructs you that pleadings are not evidence, except when they are introduced as such, or when admissions are made therein. What has been said expresses no opinion of the court, because the court has no opinion as to what has been proven or what has not been proven." In *Jones* v. *Batts*, 45 *Ga. App.* 326 (164 S. E. 462), the court stated to the effect

that where the judge charged the jury that he had "not attempted to give you a minute detail of the plaintiff's and defendant's contentions, but you will have an opportunity to look over, examine, and read those pleadings, and you can get a fuller and clearer insight of the same" and also briefly stated what the defendant contended, same was sufficient. In *Jones* v. *McElroy*, 134 *Ga.* 857 (68 S. E. 729), and *Central of Ga. Ry. Co.* v. *McKinney*, 118 *Ga.* 535, 536 (45 S. E. 430), it was held that where the contentions are clearly set out in the pleadings and the court refers thereto, it is not error to omit to state these contentions in detail unless some particular reason or special facts require a formal summary thereof. Such does not appear here. This was a trover action and the court fairly stated to the jury the controlling issue in the case, title to the peanuts involved, and correctly instructed the jury with reference thereto. If more explicit instructions were desired, they should have been duly requested in writing. *Moore* v. *Lowe*, 13 *Ga. App.* 120 (78 S. E. 829).

■ In special ground 5 error is assigned by the defendants upon the failure of the court to instruct the jury upon their contentions to the effect that the Southern Cotton Oil Company set up in its amended answer that through three contracts between it and the Commodity Credit Corporation, made pursuant to War Food Order 130, under which peanuts were bought and sold during 1945 through governmental control and regulation, it was appointed a "handler" of peanuts in said year 1945; that in that year said oil company entered into an agreement with the Farmer's Exchange Inc. for it to purchase for the oil company under the terms of said three contracts between it and said Commodity Credit Corporation, the oil company furnishing the money with which to purchase the peanuts, and using the required forms No. 316 of the said Commodity Credit Corporation; that pursuant to this agreement the Farmer's Exchange Inc., commencing in September 1945 and into January 1946, acquired the 1945 farmer's stock peanuts; that the title to the peanuts thus acquired and delivered to it was in the oil company from the moment the same were acquired from the farmers, and title thereto never vested in the Farmer's Exchange Inc., and therefore it could convey none by said receipts or otherwise;

that by reason of the foregoing neither said warehouseman, nor said bank, nor said indemnity company nor the plaintiff Frazier had any right, title or interest to the peanuts "thus acquired and received" by the oil company; and that the oil company never had any notice when the peanuts were delivered to and received by it under the foregoing arrangements, of any transactions between said Farmer's Exchange, its buying factor as to the peanuts, and said Bank of Commerce, and had no notice that the bank claimed any interest in the peanuts purchased with its money as aforesaid. There was evidence that under said War Food Order, together with a written application of fact that the order was issued by the United States War Food Administrator pursuant to the Constitution and laws of the United States; that under such order no one was permitted or authorized to acquire by purchase or to accept delivery of "farmer's stock peanuts produced in 1945" unless designated as a "handler" of such products by written contract with the Commodity Credit Corporation. It also appeared that the Southern Cotton Oil Company by virtue of three contracts was a handler of farmer's stock peanuts for 1945 and that neither the Farmer's Exchange Inc., nor said bank, nor said indemnity company, nor the plaintiff had any such contract as a handler.

The jury had the amended answer out with them. The court had charged them that the defendants denied that the plaintiff had title to or right of possession to these peanuts and also in effect charged that they denied that the plaintiff had a valid transfer of the notes and receipts referred to, and further denied that the Bank of Commerce had ever acquired any right or title to these peanuts from the Farmer's Exchange Inc. and, therefore, could convey none, and, therefore, that the purported title of the bank, transferred to the indemnity company, and then by it to the plaintiff did not convey any right or title thereto ·as against it. The court also informed the jury that the defendants contended that they had title to these peanuts and were therefore due the plaintiff no amount, and then the court charged that the jury would have the pleadings out with them and could read the same. This ground of the amended motion shows no error. These contentions of the defendants, which it is stated constituted a vital issue in the case, substantiated by the proof, were

partly contained in paragraphs 1 to 6 of the amended answer and partly in that portion of the amended answer demurred to by the plaintiff and stricken by the court, and which has been referred to as the first defense. A reading of the amended answer discloses that actually the same are a part and parcel of this purported defense, which was stricken by the court on demurrer, and this ruling affirmed by this court.

This ground shows no error for any of the reasons assigned.

■ In the sixth special ground error is assigned upon the following charge of the court: "The plaintiff . . has elected as his form of recovery, in the event you think him entitled to recover, the highest proved value of the peanuts between the time of the conversion of the peanuts to which he claims title or right of possession, if there was a conversion, and if plaintiff has title or right of possession, both of which are questions for you to decide, and at time of the trial, the plaintiff has a right under the law to make such election." While it appeared that these peanuts had no real or substantial value after September 1, 1949, there was evidence tending to show that in 1945 and at the time the Southern Cotton Oil Company acquired these peanuts, adversely to the bank, the indemnity company, and the plaintiff, same were worth from $190 to $195 a ton, and worth more than the amount of the verdict rendered, to wit, $25,228.91. A plaintiff in trover may elect to recover the value of the property sued for and is entitled to the highest proven value between the time of the defendant in trover's receipt of the property, adversely to the plaintiff in trover, and the trial of the trover proceedings. See *Pippin* v. *Watts*, 145 *Ga.* 140 (88 S. E. 567); Code § 107-105. It is true that the plaintiff did not acquire the right to proceed in this action until the transfer from the Hartford Accident & Indemnity Company, under date of August 26, 1949, of the notes and receipts, which this court has ruled to be valid in the decision of this case on demurrer (*Graham* v. *Frazier*, supra), and it is likewise true that this plaintiff made no formal demand upon the Southern Cotton Oil Company until September 1, 1949. However, this defendant had long prior to that time received said peanuts and exercised over the same complete control and ownership as its own. The above excerpt

from the charge stated the correct law and was not inapplicable. There is no merit in this ground.

■ It is likewise true that the court did not err in charging the jury, as complained of in the 7th special ground, same being upon request by the jury for a recharge, that "in estimating the value of the property unlawfully detained, the plaintiff may recover the highest amount which he shall prove between the time of the conversion and the trial. However, in this case, the plaintiff can not recover for a higher amount than the total value of the notes introduced in evidence in this case by the plaintiff, which notes were executed by the Farmer's Exchange Inc. to the Bank of Commerce of Americus."

While these peanuts were in the warehouse of the Farmer's Exchange Inc., the warehouseman secured various loans from the Bank of Commerce with these peanuts, executing its warehouse or custodian receipts to secure the same, and this court has held that such receipts were negotiable and when the warehouseman delivered same to the bank, there was a constructive delivery thereby of the peanuts, and that title to the peanuts passed to the bank. See *Graham* v. *Frazier,* supra.

The verdict in this case being for $25,228.91, which was a less amount than the jury were authorized to find that the peanuts were worth in 1945, or between the receipt thereof by the Southern Cotton Oil Company and the trial of the case, the above recharge was not erroneous because the trial judge stated therein that the plaintiff could not recover for a higher amount than the total value of the notes executed by the warehouseman to the Bank of Commerce, which permitted the jury to return a verdict for the plaintiff in an amount higher or greater than the evidence permitted. The amount of the verdict rendered was not higher than the evidence warranted and even if the above recharge is subject to the criticism urged, the same was not harmful to the defendants and was corrected by the verdict.

Neither was said recharge subject to the criticism that "under said pleadings and the said evidence taken in connection with the said instruction of the court, the jury was authorized to return a verdict against the defendants, when under the pleadings and the evidence no verdict could properly be returned against the defendants." The court did not by said recharge

express any opinion as to the evidence adduced in this case nor as to the effect of any evidence therein when the court stated to the jury that the "plaintiff may recover the highest amount which he shall prove between the time of the conversion and the trial." Neither did the court by said recharge improperly intrude upon the province of the jury and determine as to title of the peanuts in favor of the plaintiff.

No error appears in the seventh special ground for any of the reasons assigned.

■ The defendants assign error in the eighth special ground of their motion for new trial, as amended, upon the following charge: " . . in this case if you believe by a preponderance of the evidence that the warehouse receipts in this case, were issued to the Bank of Commerce covering peanuts involved here, prior to the time the defendants purchased said peanuts, then that would be sufficient to place title or right of possession in the plaintiff. The burden of showing, by a preponderance of the evidence, these facts, rests upon the plaintiff."

The principle of law embodied in this charge was correct, and said instruction was applicable. This court has ruled, and such ruling became the law of this case, that the warehouse or custodian receipts issued by the warehouseman covering certain peanuts and pledged to the Bank of Commerce to secure loans, represented by notes in favor of the bank, passed title to the peanuts represented by the receipts to the bank and any transferee of the bank. See *Graham* v. *Frazier,* supra. It was not harmful for the court in effect to instruct the jury that the burden was on the plaintiff to show by a preponderance of the evidence that such receipts were issued by the warehouseman and delivered to the Bank of Commerce, this constituting constructive delivery of the property pledged and passing title thereto, and that all such receipts issued and delivered prior to the time the defendants "purchased said peanuts" would be sufficient to place title or right of possession in the plaintiff, the transferee of the Hartford Accident & Indemnity Company to whom the Bank of Commerce had made a valid transfer of such receipts.

Said charge was not error for any of the reasons assigned.

■ In the ninth special ground of the amended motion for

new trial, the defendants contend that the court erred, over their objection, in permitting the plaintiff to introduce evidence, "through the testimony of certain named witnesses as to the value during the first six months of 1946 of farmers' stock peanuts produced in 1945, grading 70 percent, or better, and of the value of farmers' stock peanuts (generally and not restricted to 1945 farmers' stock peanuts) on September 1, 1949," and no error of law appears in this ground. The plaintiff was entitled to prove the highest value of said peanuts between the date same were acquired by the Southern Cotton Oil Company and the date of the trial. The fact that the witnesses were testifying in 1949 as to such peanuts generally and as to the value thereof in 1949 did not render such testimony inadmissible and incompetent or illegal for any of the reasons urged. The plaintiff was restricted to farmers' stock peanuts, grading an average, and not to the actual peanuts involved. It did not appear that there was anything so unusual about the peanuts involved that the jury could not reasonably ascertain and determine their value by testimony concerning farmers' stock peanuts generally where same graded around 70 percent. The jury were the judges of the weight of the evidence and such testimony was not illegal because they were permitted to hear testimony as to the value during the first six months of 1946 as to such peanuts produced in 1945 and as to the value of such kind of peanuts generally on September 1, 1949. No error appears in this special ground of the amended motion.

■ In the tenth special ground of the amended motion for new trial the defendants insist that the court erred in failing to instruct the jury upon the question of "commingling." The defendants contend that same "was an issue in the case made by the opening statement" of the plaintiff's counsel "upon which issue there was conflicting evidence." This statement by plaintiff's counsel is as follows: "We expect to show you that Southern Cotton Oil Company, and they bought what we shall call 'seed peanuts' that was 70 or better; they were put in separate warehouses and separate piles, never commingled, never mixed." The plaintiff introduced evidence to the above effect. However, the defendants introduced evidence tending to show that "the peanuts purchased by Farmer's Exchange Inc. for Southern Cot-

ton Oil Company were commingled with the peanuts upon which Farmer's Exchange Inc. issued warehouse receipts to the Bank of Commerce, and there was no way to determine which peanuts were delivered to Southern Cotton Oil Company." The defendants contend that the trial court should have instructed the jury upon the issue of commingling, that is, that if they found that peanuts were purchased by the defendant cotton oil company through said worehouseman, as a buying factor or agent, and that same were commingled with peanuts belonging to said warehouseman, upon which warehouse receipts were then issued to said Bank of Commerce, and there were deliveries of peanuts then made to said cotton oil company, that there could be no recovery by the plaintiff against these defendants. No request for such charge was made in writing to the court before the court began its charge in this case. See *Bethea* v. *Dixon,* 74 *Ga. App.* 267, 271 (39 S. E. 2d, 562) ; *Halliburton* v. *Collier,* 75 *Ga. App.* 316, 326 (43 S. E. 2d, 339).

No such facts appear from the evidence here as to require a charge on commingling, particularly without a request, as contended by the defendants. There is nothing in *Ellis, McKinnon & Brown* v. *Hopps,* 30 *Ga. App.* 453 (118 S. E. 583), nor in *Spikes* v. *Sassnett,* 19 *Ga. App.* 479 (91 S. E. 789), nor in *Camp* v. *Casey,* 110 *Ga.* 262 (34 S. E. 277), to the contrary of what we now rule. It is true that "there can be no recovery for the corn, if it shall appear that it had not been segregated from the other portion of the corn withheld by the defendant, the plaintiffs not suing for the whole." *Ellis, McKinnon & Brown* v. *Hopps, supra.* No error of law appears from this special ground.

No error of law appears from any of the several special grounds of the defendants' motion for new trial, as amended, and there being evidence tending to substantiate the allegations of the plaintiff's petition, as amended, and authorizing the verdict in favor of the plaintiff and against the defendants, Frank A. Graham and Southern Cotton Oil Company, for $25,228.91, the trial court did not err in overruling the motion for new trial of said defendants, as amended, and in denying to them a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*