39376.   VENABLE v. GRESHAM.

DECIDED APRIL 6, 1962.

*Wendell C. Lindsey, Walter E. Baker, Jr.,* for plaintiff in error.
*T. M. Allen, Jr.,* contra.

HALL, Judge. ■ In support of his motion for judgment notwithstanding the verdict, the defendant argues that in a former bail trover action between the parties there were adjudicated in his favor exactly the same issues as those in the case at bar. The judgment in the bail trover case was the ground of a plea of res judicata filed by the defendant in the present case, and the pleadings and judgment in the bail trover case were introduced in evidence. This evidence shows that the plaintiff filed an answer and plea to the defendant's former bail trover suit, in which the plaintiff admitted the defendant's title to the horse. The plaintiff alleged, however, that he refused to deliver the horse to the defendant because he claimed a lien and right of possession as a bailee for hire because the defendant refused to pay him $1,391 due under the defendant's agreement to pay him for board, training and care of the horse, and prayed for a special lien on the horse for defendant's indebtedness. The defendant made a motion in that case to strike the "set off or recoupment claimed" on grounds contending that the defensive pleading affirmatively showed that the plaintiff was not entitled to the lien claimed, and thereafter the defendant made a "motion for judgment under the status of the pleadings for the property." The court granted the motion and awarded the defendant a property judgment. This judgment was an adjudication on the pleadings. A motion to strike, being in reality a general demurrer, is addressed solely to the allegations of the pleading demurred to, as they appear on the face of the pleading. *Holcombe v. Jones,* 197 Ga. 825 (30 SE2d 903); *Bregman v. Rosenthal,* 212 Ga. 95 (90 SE2d 561); *Elbert County v. Brown,* 16 Ga. App. 834 (86 SE 651); *Meads v. Williams,* 55 Ga. App. 224 (189 SE 718); *DuBois v. Smith,* 76 Ga. App. 556, 557 (46 SE2d 590); Leverett, Hall, Christopher, Georgia Procedure & Practice, p. 232, § 9-17. The

only relief prayed for in the answer was a special lien on the horse. The answer admitted defendant's title to the horse and set up no defense other than the right to possession by virtue of a lien. The court could have decided only that the allegations of the answer, necessarily assumed to be true for the purposes of the motion, did not establish the plaintiff's right to a possessory lien. There was no adjudication on the defendant's alleged indebtedness to the plaintiff, which is the issue in the present case.

Since neither the plea of res judicata nor the evidence demanded a verdict for the defendant, the trial court did not err in denying his motion for judgment notwithstanding the verdict. *Echols v. Thompson,* 211 Ga. 299, 303 (85 SE2d 423); *Travelers Ins. Co. v. Miller,* 104 Ga. App. 554, 562 (122 SE2d 268).

Since a finding against the plea of res judicata was demanded the defendant could not have been harmed by the court's failure to give the charge the defendant contends should have been given the jury respecting the plea. The trial court did not err therefore, in overruling Ground 4 of defendant's motion for new trial.

■ Special Ground 1 contends that the court erred in failing "to charge the correct principle of law with reference to count 2 of the petition with reference to quantum meruit." The court charged: ". . . the law holds that where a person renders services valuable to another which the latter accepts, the law implies a promise to pay the reasonable value of such services." The defendant does not argue that this charge was incorrect, but argues that it was insufficient in not charging further, ". . . if you should find that there existed no obligation for payment because of the circumstances of this case and no implied promise on the part of the defendant Venable, to pay for the services then the petitioner could not recover on the theory of quantum meruit which is set forth in Count 2 of his petition," to take into account his defense ". . . that the horse was merely loaned to petitioner and he in no way obligated himself to pay for such services but that the petitioner was given the benefit of furthering his hobby with defendant's horse."

The plaintiff's original petition was for breach of an express contract. The defendant filed an answer in which he made allegations that he loaned the horse to plaintiff for plaintiff's benefit. Thereafter the plaintiff amended his petition to add Count 2. The defendant did not file any further answer or amendment. "The failure of a defendant to answer an amendment does not authorize the court or the jury to treat the allegations in the amendment as being admitted." *Hudson v. Hudson*, 119 Ga. 637 (4), 640 (46 SE 874). However, in the absence of pleadings setting up particular circumstances as a defense to Count 2, the defendant is treated as merely denying Count 2. It was therefore incumbent upon the defendant to request such charges on his defense to Count 2 made by the evidence as he deemed necessary. *Thompson v. Lyon*, 64 Ga. App. 83, 89 (12 SE2d 155); *Lewis v. Duggan*, 85 Ga. App. 733, 737 (70 SE2d 66); *Hewitt v. Davis*, 97 Ga. App. 97, 102 (102 SE2d 77); *A. G. Boone Co. v. Owens*, 54 Ga. App. 379 (187 SE 899); *Moore v. Lowe & Co.*, 13 Ga. App. 120 (78 SE 829); *Wilensky v. State*, 15 Ga. App. 360 (83 SE2d 276).

The jury was adequately instructed that the plaintiff had the burden to prove his case. In the absence of a request by the defendant, the court's charge on quantum meruit was not rendered erroneous by failure to charge further as contended by defendant. The court did not err in overruling Ground 1.

■ "An exception based upon the refusal of the court to award a nonsuit will not be considered, where subsequently thereto the case is submitted to the jury, and after verdict being for the plaintiff a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it." *Bowman v. Bowman*, 210 Ga. 259, 261 (3), (78 SE2d 801). The court did not err in overruling Ground 2 of defendant's motion for new trial, complaining of the court's denial of his motion for nonsuit.

■ Ground 3 complains of an excerpt from the court's charge: "Under the law you are the exclusive judges of all the issues of fact; you are the exclusive judges of the credibility of witnesses, and this being so, you will determine for yourselves what the issues in the case are and what credit and weight you

will give the testimony of the witnesses and where the greater weight of the preponderance of evidence rests upon each and every issue you have under consideration." The defendant contends that this instruction required the jury "to determine what the issues may be, this being one of the primary duties of the court in framing the issues which the jury is to decide." In the preceding paragraph the court charged that the burden was upon the plaintiff to prove by a preponderance of the evidence the truth of his allegations, *except such as may be admitted to be true.* In the paragraph following the instruction complained of the court again referred to the *issues of fact.* Considering this instruction in its context with the rest of the charge, we do not think the defendant was prejudiced or that the jury was confused or misled to believe it was to determine anything other than the disputed issues of fact in the case. *Pollard v. Gammon,* 65 Ga. App. 852, 862 (12 SE2d 624); *Bagley v. Tarvin,* 77 Ga. App. 365, 366 (48 SE2d 704); *Chance v. State,* 95 Ga. App. 585, 586 (98 SE2d 142); *Parsons v. Grant,* 95 Ga. App. 431, 435 (98 SE2d 219). The court did not err in overruling Ground 3.

■ The defendant not having argued or cited authorities in support of Ground 5 of its motion for new trial, the assignment of error on this ground will be treated as abandoned. *Lumbermen's Underwriting Alliance v. Jessup,* 100 Ga. App. 518, 533 (112 SE2d 337).

■ Though the evidence was in conflict, the verdict was authorized. The court did not err in overruling the general grounds of the motion for new trial.

■ The defendant filed a motion to dismiss the writ of error on the ground that he was not given notice prior to the certification of the bill of exceptions as required by *Code Ann.* § 6-908.1. His motion states that the trial judge had ordered that such notice be given to the defendant and that the plaintiff had failed and refused to comply with said order. However, the trial judge did in fact certify to the correctness of the bill of exceptions and no harm is alleged to have resulted to the defendant because of lack of notice. Both the Supreme Court and this court have repeatedly held that the action or non-action

of the trial judge as to requiring notice under *Code Ann.* §§ 6-908.1 and 6-909 shall not be reviewable. *Barwick v. Wind,* 203 Ga. 827 (48 SE2d 523); *Midtown Chain Hotels Co. v. Bender,* 77 Ga. App. 723 (49 SE2d 779); *Dorsey v. Edge,* 75 Ga. App. 388 (43 SE2d 425). "The legislative reasoning back of this nonreviewable provision doubtless was that since in the final analysis it is for the trial judge to determine what the bill of exceptions which he approves shall contain or not contain, a review of his action respecting the premises might tend to curb this prerogative and cause confusion." *Ellis v. Gisi,* 77 Ga. App. 56, 58 (47 SE2d 825).

*The motion to dismiss is denied and the judgment affirmed. Felton, C. J., and Bell, J., concur.*